ORIGINAL

FILED
MAR - 8 2007
U.S. COURT OF FEDERAL CLAIMS

**DREFUSS, BONACCI & PARKER, LLP**
26 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: (973) 514-1414
Telecopy: (973) 514-5959

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

UNITED STATES FIRE INSURANCE COMPANY,

Plaintiff,

vs.

UNITED STATES,

Defendant.

No. 07-151-C

**COMPLAINT**

Plaintiff, United States Fire Insurance Company (hereinafter "US Fire"), by way of complaint against defendant Department of Veterans Affairs (the "Department"), alleges and says:

1. US Fire is a Delaware corporation with offices located in Morristown, New Jersey.

2. Defendant Department is a governmental agency with offices in Washington, D.C.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1), as this action is brought to vindicate US Fire's rights and claims arising from express contracts entered into between US Fire and the Department.

4. Venue is proper pursuant to 28 U.S.C. § 1491.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. US Fire, at all times relevant to the matters set forth herein, is in the business of, among other things, issuing surety bonds at the request of construction companies.

6. The Department (then known as the "Veterans Administration") solicited bids for the performance of certain construction work at the Building No. 4 at the psychiatric hospital located in Montrose, New York (the "Project").

7. The Project was awarded to Castle Abatement Corp. ("Castle Abatement") and the Department entered into a contract with respect to the Project with Castle Abatement (the "Contract").

8. As required by, and pursuant to, the Contract, Castle Abatement requested of US Fire to issue, and US Fire did issue, payment and performance bonds with regard to the Contract in the form required by the Department, naming Castle Abatement, as principal, and the United States, as obligee (the "Bonds").

9. Sometime thereafter Castle Abatement advised the Department and US Fire that it could not complete the Contract and that it had defaulted thereon. At the time of such "voluntary default letter" the Department found that approximately fifty percent (50%) of the Contract's term had expired but that only approximately (10%) of the Contract's scope of work had been performed.

10. US Fire honored its obligations under the Bonds by, among other things, executing that certain "Takeover Agreement" wherein US Fire agreed to, among other things, arrange for completion of the Contract.

11. In order to facilitate completion of the Contract and the performance of its obligations under the Takeover Agreement and its Bonds, US Fire engaged Landmark Construction Management ("Landmark") as its completion contractor, as set forth in the Takeover Agreement.

12. USF performed all of its obligations and discharged all of its responsibilities under its Bonds and the Takeover Agreement.

13. The Department breached its obligations under the Contract and Takeover Agreement, materially increased US Fire's obligations and costs without providing just compensation therefor and hampered, delayed and disrupted US Fire's progress of the work, as a result of which US Fire has been harmed.

14. USF timely submitted its claim to the Department in accordance with applicable law.

15. To date, the Department has failed to either admit or deny the Claim and the Contracting Officer has not issued any final decision, the time for doing so having transpired.

16. US Fire elects at this time to consider that the Department denied the claim and now files this action in order to obtain proper redress.

**FIRST COUNT**

17. The Department was obligated under general principles of subrogation and suretyship, as well as by reason of the Takeover Agreement, to pay to US Fire the contract balance remaining at the time of the Takeover Agreement, together with all additional monies as might be due and earned on account of changes and modifications to the Contract upon the successful completion of the Contract.

18. US Fire has honored its bond and contract obligations.

19. The Department currently holds and unjustly retains earned Contract funds totaling approximately $119,000.

20. US Fire has been damaged by reason of the Department's unjust refusal to make payment of the remaining Contract funds.

**WHEREFORE**, plaintiff US Fire requests that judgment be entered against defendant United States for:

(a). compensatory damages;

(b). pre-judgment interest as permitted by law, statute or rule;

(c). attorneys' fees and costs of suit; and/or

(d). such other or further relief as the Court may deem just and proper.

**<u>SECOND COUNT</u>**

21. US Fire repeats and realleges the allegations of paragraph 1 through 20 as if set forth herein at length.

22. US Fire's performance and completion of the Contract was beset by numerous Department-directed changes to the scope of work, was beleaguered by pervasive design defects which were the fault of the Department and/or its representatives, and suffered extensively from far-reaching failures by the Department to timely respond to issues that required its attention and resolution.

24. Thus, the Department, among other things, (a) failed to timely and properly respond (or arrange for a timely and proper response from others) to "RFI's" concerning the wall partition layout on the first floor of the Project, (b) refused to recognize the extent of asbestos contamination in the ground floor ceilings and the effects of the presence of that asbestos upon US Fire's ability to progress the work, (c) failed to provide timely and proper instructions

regarding the design of the floor drains and to consider its impact upon the progress of the work, (d) refused to properly administer the Contract as concerns, among other items, the need for the submission of scores of "RFI's" (many of which were submitted as a result of design defects or "re-design's" of portions of the Project and concerning which replies were never made), delayed installation of the Nurse Deck at the 2nd floor, and failed to timely process and/or acknowledge the validity of change order proposals.

25. The Department breached the Contract and Takeover Agreement causing continuous delays and disruptions to US Fire's completion of the Contract for which US Fire is entitled to an excusable and compensable time extension of 855 calendar days (beyond the 210 calendar days granted by the Department).

26. The Department's breaches, unexcused failures, and delays and disruption of the performance of the Contract directly and proximately caused US Fire to pay extensive additional direct and indirect completion costs that could not have been contemplated or foreseen at the time the Bonds were issued or the Takeover Agreement was negotiated and executed.

27. By reason of the foregoing, US Fire is entitled to compensatory damages, including an equitable adjustment and its recovery of and/or payment for (a) extended general conditions and costs of the designated construction representative, (b) an equitable settlement or numerous currently outstanding change order proposals, (c) the increased costs of the "subcontracted" work and (d) costs of preparing its claim.

28. By reason of the foregoing, US Fire is entitled is not less that $3,000,000.00.

**WHEREFORE**, plaintiff US Fire requests that judgment be entered against defendant United States for:

(a). compensatory damages including, but not limited to, compensation for the costs incurred in addressing defective designs and specifications and in performing extra or change order work that the Department has refused to acknowledge, negotiate and/or settle; increased costs of US Fire's need to self-perform certain of the work it had subcontracted and the increased costs of certain of US Fire's subcontractors in completing their scope of work; and an equitable cost and time adjustment to the Contract proximately and directly resulting from the Department's failure to properly administer the Contract and for the Department's having hampered, delayed and disrupted US Fire's completion of the Contract;

(b). pre-judgment interest as permitted by law, statute or rule;

(c). attorneys' fees, consultant fees, costs of preparing its request for an equitable adjustment and/or the claim, together with costs of suit; and

(d). such other or further relief as the Court may deem just and proper.

**DREIFUSS, BONACCI & PARKER, LLP**
*Attorneys for Plaintiff United States Fire Insurance Company*

By: ______________________
DAVID C. DREIFUSS
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
Tel: (973) 514-1414
Fax: (973) 514-5959

Dated: March 7, 2007