IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-151C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegations contained in paragraph 6 to the

extent supported by the referenced bid solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in the opening clause of paragraph 8, indicating that certain actions of Castle Abatement were "required by" and "pursuant to" the referenced contract, constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its content; otherwise the allegations contained in the opening clause of paragraph 8 are denied. Admits the allegations contained in the remainder of paragraph 8 to the extent supported by the referenced payment and performance bonds, which are the best evidence of their contents; otherwise denies the allegations contained in the remainder of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the voluntary default letter referenced in the second sentence of paragraph 9; otherwise denies the allegations contained in the first sentence

of paragraph 9. To the extent that plaintiff may be relying on a January 6, 1998 memorandum authored by Contracting Officer’s Technical Representative Jonathan Walsh for its allegation that, as of the time of the referenced voluntary default letter, DVA “found that approximately fifty percent (50%) of the Contract’s term had expired but that only approximately (10%) of the Contract’s scope of work had been performed,” admits the allegation to the extent supported by the Walsh memo, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Denies the allegation contained in the opening clause of paragraph 11 that “[i]n order to facilitate the completion of the Contract and the performance of its obligations under the Takeover Agreement and its Bonds” for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the remainder of paragraph 11 to the extent supported by the cited Takeover Agreement, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of paragraph 11.

12. The allegations contained in paragraph 12 constitute

conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 that the DVA has failed to admit or deny the claim and that the Contracting Officer has not issued any final decision. The allegation contained in paragraph 15 that "the time for doing so having transpired" constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

16. The allegations contained in paragraph 16 constitute plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case

to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits the allegation contained in paragraph 19 that defendant currently holds earned Contract funds in an amount of at least $119,001. The allegation contained in paragraph 19 that the Contract funds are "unjustly retained" constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 20, or to any relief whatsoever.

21. Defendant's responses to paragraphs 1 through 20 are incorporated by reference.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Plaintiff’s complaint does not contain a paragraph 23.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegation contained in paragraph constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

29. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 28, or to any relief whatsoever.

30. Denies each and every allegation not previously

admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such further and other relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-5824
Fax: (202) 514-8624

July 6, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 6th day of July, 2007, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley
A. BONDURANT ELEY