IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-151 |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1). Defendant is not aware at this time of any basis upon which to challenge this Court's jurisdiction.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

The parties agree that proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

Plaintiff states that the Contracting Officer never issued a written decision in response to plaintiff's claim and the answer filed by defendant in reply to the complaint that largely contains blanket denials and/or denials based upon hyper-technicalities. Accordingly, plaintiff is currently unaware of any disputes concerning the facts underpinning its claim and has only recently been advised of queries regarding the legal foundation of some portions of its claim. For these reasons, plaintiff cannot state at this time whether all or any portion of its claim will be capable of resolution by way of motion practice. Plaintiff will consider the utility of dispositive motion practice as discovery proceeds.

Defendant does not at this time intend to file any motion pursuant to RCFC 12(b), 12(c), or 56.

h. Relevant Issues

Plaintiff has reviewed the relevant factual and legal issues identified below by defendant and concurs with the same, subject to the observations set forth in paragraph "g" above, *i.e.*, plaintiff's uncertainty regarding defendant's positions concerning the claim and the relief sought in the complaint.

Defendant identifies the following relevant factual and legal issues:

1. Whether plaintiff is entitled to an eight hundred fifty-five day compensable time extension associated with alleged actions and inactions on the part of the Veterans

Administration ("VA") and/or on the part of others for which plaintiff contends the VA is responsible that are detailed in plaintiff's previously-submitted claim and include, but are not be limited to, alleged failures to (a) respond timely to Requests for Information regarding a first floor wall partition layout ("RFI's"), (b) react appropriately to the discovery of asbestos in certain ground floor ceilings, (c) provide timely and proper instructions regarding floor drains, and (d) properly administer the contract.

2. Whether defendant justly retains approximately $119,000 in earned contract funds.

3. Whether the damages claimed by plaintiff are reasonable, justified, and supported by contemporaneous documentation and invoices and/or other documentation or testimonial evidence admissible for such purposes.

4. Whether, pursuant to Veterans Affairs Acquisition Regulation ("VAAR") 852.236.99, Contract Changes, plaintiff's contract with the VA incorporates the clause entitled "Changes-Supplement (For Changes Costing $500,000 or less)" (June 1987), and whether such clause limits part or all of plaintiff's recovery to specific thresholds of overhead and profit.

5. Whether plaintiff is entitled to additional compensation above and beyond that contemplated in the contract in connection with the decision of its prime contractor to perform with its own crews work originally delegated to two subcontractors who subsequently abandoned the job for reasons the two subcontractors attributed to the fault of the United States and/or its architect.

6. Whether defendant is liable for alleged costs incurred by plaintiff to procure replacements for subcontractors of its prime after those subcontractors abandoned the work for reasons that plaintiff contends are attributable to the United States.

7. Whether defendant is liable to plaintiff for alleged costs incurred by plaintiff in connection with assembling the request for equitable adjustment and other matters presented by plaintiff as its claim that forms the basis of this litigation.

i. Settlement

Defendant states that defendant is unable to commit to either settlement or ADR at this early stage of litigation, but that one or both options may be appropriate at the conclusion of fact or expert discovery in this case. Plaintiff concurs.

j. Trial

Each party states that, assuming the case is not resolved through ADR and does not settle, it will proceed to trial.

k. Electronic Case Management

The parties have no special electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The Court has already issued a scheduling order in this case. By order of this Court, fact discovery will close on January 3, 2008, and the parties will file a joint status report on January 4, 2008. A telephonic status conference is set for January 8, 2008 at 10:30 a.m.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee for s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Bruce Dickstein
BRUCE DICKSTEIN
DREIFUSS, BONACCI &
PARKER, LLP
26 Columbia Turnpike, North Entrance
Florham Park, N.J. 07932
Tel: (973) 514-1414
Fax: (973) 514-5959

Attorney for Plaintiff

s/A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

Attorneys for Defendant

August 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/A. Bondurant Eley