**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-151 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION FOR A STATUS CONFERENCE**

Defendant, the United States, respectfully requests a status conference in this matter in order to address a number of issues impacting the scheduling and timely completion of discovery in this case. In lieu of a motion to compel, we ask the Court to convene the parties to resolve both the questions of timing and of substance for completion of discovery. Discovery is currently scheduled to close on April 2, 2008. Defendant has repeatedly attempted to contact plaintiff's counsel to discuss discovery and scheduling needs, most recently with respect to certain documents that were absent from plaintiff's document production and plaintiff's failure to produce a privilege log, see Exhibit A, and to ascertain whether plaintiff would consent to a motion for leave to take greater than ten depositions and cooperate in the scheduling of those depositions. See Exhibit B. Defendant's counsel has received no substantive response. See Exhibits C and D. Telephone calls with respect to these matters have gone unreturned, and plaintiff's counsel now advises that he is in the midst of trial preparation. See Exhibit D.

Even putting aside these relatively recent matters, the critical fact for purposes of scheduling discovery in this case is that defendant's efforts to achieve a thorough understanding of plaintiff's claim have been stymied by plaintiff's chronic lack of cooperation with the DCAA auditor who is conducting an audit of the claim at issue in this litigation pursuant to FAR § 2-

214-26 Audit and Records–Sealed Bidding (Oct. 1995). FAR § 2-214-26, which is incorporated by reference in the underlying contract at issue in this litigation, see Exhibit E, states that "[i]f the Contractor has been required to submit cost or pricing data in connection with the pricing of any modification to this contract . . . the Contracting Officer . . . shall have the right to examine and audit all of the Contractor's records . . . ." and also requires a contractor to make available "[r]ecords pertaining to appeals under the Disputes clause or to litigation . . . until disposition of such appeals, litigation or claims." As is readily apparent from a review of the more than fifty pages of correspondence attached hereto as Exhibit F, plaintiff's counsel repeatedly delayed the auditor's entrance conference, and, despite diligent efforts by the auditor since that initial conference in January to schedule a return visit in which plaintiff was to provide responsive material that would support its claim of damages, plaintiff's counsel has avoided scheduling that visit.

Should it be necessary for the defendant to file a motion to compel, the DCAA auditor is willing to execute an affidavit or declaration cataloguing her attempts by telephone to make arrangements for the audit, and providing additional documentary evidence of those efforts beyond that appearing in Exhibit F to this motion.[1] The auditor's affidavit will also document similar behavior on the part of plaintiff's counsel at the time when she first attempted to audit plaintiff's claim in 2004 when it was submitted to the Department of Veterans Affairs.[2]

---

[1] The Court may note in reviewing Exhibit F that the Government has redacted material from several January 10 and January 16 emails between plaintiff's counsel and the auditor. The Government has included those emails in Exhibit F, but has redacted the specific reason that the audit was cancelled, as that appears to have involved a sensitive personal matter.

[2] The Government is aware of precedent by this Court authorizing the dismissal of a complaint due to a failure on a plaintiff's part to comply with the audit of its claim. See SCM

Accordingly, we seek the Court's assistance in resolving what should be a simple procedural matter so that we can focus upon the merits of this case in a timely fashion. We believe that a status conference at which scheduling is discussed will be helpful for the parties for two reasons. First, although plaintiff has not explicitly denied either our right to audit or the utility of an audit in resolving this dispute, plaintiff's failure to prioritize adequately its focus upon the audit prejudices the Government in its obligation to investigate the correct value of the claim during discovery, and to identify the need for any follow-up discovery raised by the audit. Second, as this Court has recognized, auditors are helpful in resolving damages issues. See Coastal Indus., Inc. v. United States, 32 Fed. Cl. 368, 377 (1994); Neal & Co. v. United States, 17 Cl. Ct. 511, 514 (1989). Indeed, auditors are independent professionals subject to their own rigorous professional standards with no vested interest in the audit's outcome. As such, a professional audit can help the parties focus upon those matters requiring further study or resolution before trial, and, indeed, may facilitate resolution of the case in advance of trial. The parties cannot explore any alternative options of resolving this matter, or, indeed, proceed with expert discovery until the plaintiff allows for a meaningful, factual evaluation of its $3 million claim.

Accordingly, defendant respectfully requests a status conference in which the parties may discuss the timely completion of discovery with the benefit of the Court's insight.

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

---

Corp. v. United States, 227 Ct. Cl. 12 (1981). Defendant, however, would much prefer to resolve this case on the merits.

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0282
(202) 514-8624 (fax)

Of Counsel:

Mr. Kenneth A. MacKenzie
Senior Trial Attorney
Department of Veterans Affairs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR A STATUS CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley