**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-151 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION FOR LEAVE OF COURT**
**TO TAKE MORE THAN TEN DEPOSITIONS**

Pursuant to Rule 30(a)(2)(A) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, hereby respectfully requests leave of Court to take more than ten depositions in the above-captioned case. Defendant has attempted to contact plaintiff's counsel on several occasions by telephone and also by letter of March 3, 2008 to ascertain whether he will consent to this motion, but has received no substantive response.

Rule 30(a)(2) provides in relevant part that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), if . . . a proposed deposition would result in more than ten depositions being taken under this rule . . . by the plaintiffs, or by the defendants . . . ." RCFC 30(a)(2)(A). Under RCFC 26(b)(2), the relevant considerations are whether "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." RCFC 26(b)(2)(C).

This is a complex construction delay case involving claims by plaintiff, United States Fire Insurance Company ("US Fire"), that certain renovation work performed by its completion contractor, Landmark Construction Management ("Landmark") was adversely impacted by various alleged failures on the part of the Government, including, but not limited to, design defects and improper contract administration. Plaintiff seeks approximately three million dollars in damages. See Compl. ¶ 28. Based upon the request for equitable adjustment submitted to the Government in this case, it appears that at least half of this amount consists of (1) subcontractor "backcharges," i.e., work in excess of contract amounts completed by Landmark on behalf of certain subcontractors, (2) subcontractor "termination" and reprocurement costs, and (3) requests for additional compensation being passed through by US Fire on behalf of six separate subcontractors.

Although US Fire's claim implicates the actions of a large number of individual fact witnesses, the Government proposes to depose a subset of eleven during fact discovery, followed by a deposition of plaintiff's expert, assuming that plaintiff designates only one expert, during expert discovery.[1] At present, the Government seeks to depose the six subcontractors[2] who submitted requests to Landmark for additional compensation in order to ascertain the basis for their specific claims, and two subcontractors with respect to whom US Fire appears to claim

---

[1] Defendant initially proposed taking more than ten depositions by letter of March 3, 2008. See Exhibit A. Subsequently, defendant unsuccessfully attempted to contact plaintiff's counsel by phone to discuss the possibility of an additional Rule 30(b)(6) deposition of US Fire with respect to outstanding damages issues, particularly in light of plaintiff's failure to submit to an audit of its claim.

[2] The six subcontractors who submitted requests for additional compensation are S&L Plumbing & Heating, Rockmore Contracting Corporation, Pramukh Glass, Pyramid Floor Covering, Chalgo Painting, and Arthur Lorenzo & Sons, Inc.

backcharges, as well as termination and reprocurement or replacement costs,[3] in order to ascertain the specific events that underlie US Fire's claims with respect to these entities. The Government also seeks to depose Edward Black and Stephen Hopkins, two Landmark representatives with extensive firsthand knowledge of the day to day work performed on the project at issue, and a 30(b)(6) witness from United States Fire itself on the question of its claimed damages. In addition to the foregoing, the Government will require leave of Court to depose plaintiff's expert or experts. Accordingly, defendant currently seeks leave to take twelve depositions in this case.

None of the information sought through the foregoing depositions will result in the discovery of unreasonably cumulative or duplicative information, or in the discovery of information that is more convenient, less burdensome, or less expensive to obtain than from other sources. The subcontractors that the Government seeks to depose were all either involved with the project either during different time periods or with respect to different aspects of the work, Mr. Black and Mr. Hopkins appear to have had different roles in the work that Landmark did, the manner in which US Fire determined calculated its damages lies only within the knowledge of that company, and experts are a separate category of witness entirely. The Government has not previously deposed these witnesses to ascertain what facts they may have in their personal knowledge beyond what may be reflected in available documents. Accordingly, the Government respectfully submits that, given the particularized and highly relevant

[3] The subcontractors that the Government seeks to depose in this regard are Blake Electric and Faigle Electric. United States Fire has also alleged backcharges with respect to Rockmore Contracting Corporation, and defendant proposes to address that matter during Rockmore's 30(b)(6) deposition.

knowledge of each witness that it seeks to depose in this $3 million case, the burden or expense of an additional three depositions beyond the ten authorized under the Rules is greatly outweighed by their benefit in advancing this litigation.

For the foregoing reasons, defendant respectfully requests that the Court grant it leave to depose eleven fact witnesses in this case, as well as plaintiff's expert or experts at such time as they may be identified.

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0282
(202) 514-8624 (fax)

Of Counsel:

Mr. Kenneth A. MacKenzie
Senior Trial Attorney
Department of Veterans Affairs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley