IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | |
| Plaintiff, | No. 07-151 |
| v. | |
| THE UNITED STATES, | (Judge Horn) |
| Defendant. | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
REQUEST FOR STATUS CONFERENCE

Plaintiff United States Fire Insurance Company respectfully submits this Response to defendant's request for a status conference for the purported reason that plaintiff has somehow stymied defendant's ability to pursue discovery. While plaintiff understands that the a status conference was indeed scheduled earlier this week for this afternoon, this Response is nonetheless respectfully submitted to correct the record.

First, before directly addressing the concerns raised by counsel in her submission, it is the case that I had not been able to call counsel at the end of this last week to discuss her outstanding letters (one from February 27 and the other dated March 3) as I had indicated to counsel I would. I was unable to make the call on account of intensive trial preparations in an unrelated case as I had explained to counsel earlier last week. I did reach out to counsel yesterday and believe that we have cooperatively resolved each of the outstanding matters set forth in defendant's submission. In this regard, we respectfully note that we anticipate requesting of this Court a 90-day extension of the discovery schedule.

The foregoing notwithstanding, plaintiff respectfully submits that defendant's submission in support of its request for a status conference fails to advise this Court that the "crisis" defendant complains about is one that results in large measure from defendant's entirely new discovery demands articulated for the first time last week and defendant's not realizing that it had already received responses to most of issues raised in counsel's correspondence.

Thus, on the first anniversary of the filing of the Complaint, literally, defendant announced on March 3 that it wished to take 13 depositions in this case and, as further explained by counsel yesterday afternoon, defendant now anticipates that it will take the 13 depositions – on three occasions, three per day – on seven consecutive calendar days beginning on March 25, all without "clearing" the dates with either plaintiff or any of the deponents. The last of the depositions, in turn, would take place on the date that the Court's Schedule currently provides for the completion of discovery. While plaintiff will work cooperatively in arranging for the orderly completion of all discovery in this case – both written and oral – we respectfully suggest that defendant's own scheduling of discovery is what motivates the request for a status conference in the first instance.

Likewise, counsel wrote by letter dated February 27 about various discovery issues. While we have addressed each of the issues raised in the letter, we note, by way of example only, that we had previously advised counsel that the surety's completion contractor did not communicate by email during completion of the project between 1998 and 2002 (hence, the lack of production of emails by plaintiff in this matter) and that defendant's own consultants had marked for copying from plaintiff's document production many of the purportedly "missing" daily logs.[1]

---

[1] I had immediately responded to counsel's conclusions stated in her February 27 letter regarding the apparent destruction of some of the work papers by the surety's consultant. I explained to counsel that she had

Plaintiff also takes exception to the suggestion that it has stonewalled a DCAA audit. It should be noted, of course, that plaintiff has made available to the DCAA about 30 boxes of project files and diligently tried to organize the same and to anticipate the DCAA's needs. Plaintiff also made its construction manager during the project available to the DCAA during the audit and document inspection. Further, we have consistently advised defendant that plaintiff welcomes the audit and plaintiff reasonably expects that the same will facilitate an amicable resolution of the case or, in the alternative, alert plaintiff's to any weaknesses in the Request for Equitable Adjustment that need to be addressed at a trial or otherwise; we do not understand counsel to be suggesting that plaintiff has acted otherwise.[2] I further explained to counsel that we are scheduling a meeting with the plaintiff's consultant and expert for the purpose of properly framing a response to the DCAA's most recent requests that we then hope will pave the way to the orderly completion of the audit in short order.

In brief, plaintiff respectfully submits that defendant's arguments underlying its request for a status conference are wide of the mark. At the same, plaintiff respectfully requests that the

---

misrepresented all that we had previously discussed and, in any event, also explained to counsel that the workpapers were wholly unrelated to the various aspects of the Request for Equitable Adjustment listed by counsel in her letter or the plaintiff's proofs concerning the same. By way of example only, I explained to counsel that the certified payrolls (one of the items listed in counsel's letter) had already been produced for inspection by defendant's consultants and during the DCAA audit and that the destruction of certain of the consultant's workpapers was unrelated to the certified payrolls in the first instance. I believe it accurate to state that as a result of yesterday's telephone conference with counsel that there is a tentative agreement with respect to the foregoing.

[2] Counsel's reference to case law that has imposed sanction for noncompliance was both gratuitous and inappropriate under the current circumstances. Indeed, it bears noting that plaintiff had sent a lengthy letter to the DCAA prior to the filing of the complaint responding to a request for an audit to which no response was ever received. It was in response to the absence of any response from the DCAA, as well as the failure of the Contracting Officer to issue her decision with respect to the Request for an Equitable Adjustment that led to the filing of the complaint in the first instance.

deadline to complete discovery be extended for the benefit of both parties to this complex construction litigation.

Dated: March 12, 2008

Respectfully submitted,

s/Bruce Dickstein
BRUCE DICKSTEIN
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
(973) 514-1414
Fax: (973) 514-5959

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March 2008, a copy of the foregoing "Plaintiff's Response to Defendant's Request for Status Conference" was filed electronically. I understand that notice of this filing will be sent to all parties of operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Bruce Dickstein