IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-151 |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PRIVACY ACT PROTECTIVE ORDER**

Upon consideration of the parties' joint request for an order, and pursuant to 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that the defendant is authorized to release to plaintiff's counsel, and to the Court in this case, the last known address and telephone number for Jonathan Walsh that is contained in government records. Such disclosure is subject to the following conditions:

1. For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act, are not covered by this Order.

2. Answers to interrogatories or other written communications between counsel that contain protected information derived from records subject to the Privacy Act shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE

ORDER" or contain a similar marking, and may be used only for purposes of this litigation. If any government records that identify Mr. Walsh are produced to plaintiff, those records shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

3. Any government documents or information produced by the defendant that are designated as subject to this Order shall be used by the plaintiff's counsel only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the plaintiff or its representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

4. Except as otherwise ordered by this Court, any government documents or information subject to the Protective Order may be disclosed only to the following persons: (a) counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; and (c) persons retained by counsel to assist with service of process, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case.

5. All individuals to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Plaintiff's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should plaintiff's counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 4, above, plaintiff's counsel must obtain the defendant's consent. If the defendant does not consent to disclosure, then plaintiff's counsel may, on motion, seek modification of this Order from the Court.

6. The plaintiff or other third party to this Order may challenge the government's Privacy Act designation of a document or information by moving the Court to have the document or information made public. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order

7. Unless the Court has previously ruled that a document or information is not subject to the Privacy Act, government documents or information subject to this Protective Order may be presented to the Court only under seal. Should the plaintiff seek to use Privacy Act protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), he must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8. The protected documents and discovery responses, and all copies thereof, produced in connection with these consolidated cases must be returned by the plaintiff or other receiving party to the defendant upon the conclusion of these consolidated cases, including any subsequent appeals. Within thirty days of the conclusion of this case and any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to the defendant. Within forty-five days of the termination of this case, including any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act protected information derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with these consolidated cases.

9. Neither the United States Department of Justice, or the Department of Veterans Affairs, nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

11. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information .

IT IS SO ORDERED this ______ day of ___________, 2008.

_________________________________
HORN, J.