IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-151 |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE FACT DISCOVERY AND FOR RELATED RELIEF**

Plaintiff, United States Fire Insurance Company ("US Fire"), respectfully requests that this Court grant a brief extension of the time within which fact discovery must be completed (and a corresponding extension of the time to complete expert discovery) for the reasons detailed herein.[1] By way of summary, a 2-week discovery extension is sought (i) on account of certain unavoidable complications regarding US Fire's request to take the deposition of Jonathan Walsh and the scheduling of Mr. Walsh's deposition; (ii) so as to permit US Fire to produce additional documents of which it only recently became aware (and to permit the attendant but expeditious privilege review of the same); (iii) due to logistical problems with the scheduling of a deposition of Ed Black requested by defendant; (iv) in order to make an accommodation for certain personal family matters that required the attention of US Fire's counsel and the cancellation of two depositions that had been schedule for the week of May 12; and (v) to otherwise facilitate an orderly conclusion of fact discovery.

This Court's Order of March 13, 2008, required that fact discovery be concluded by June 6, 2008; this motion respectfully seeks an extension for the completion of such discovery until June 20, 2008, only.

[1] The parties' Joint Status Report was filed with this Court on May 16, 2008, as required by this Court's Order of March 13, 2008, and sets forth the status of the discovery proceedings in this case.

Although defendant, the United States, has not "previewed" this motion, its counsel has indicated that she does not anticipate opposing it and is aware of the various circumstances that give rise to the filing of this application.[2]

A. <u>The Uncertainties Regarding the Taking of Jonathan Walsh's Deposition</u>

Counsel previously discussed those depositions each requested and plaintiff US Fire identified, among others, a request for the taking of the deposition of Jonathan Walsh. Mr. Walsh was the Contracting Officer's Technical Representative ("COTR") on the project that is the subject of this litigation during the several-year period pertinent to US Fire's claims. The United States indicated that it would attempt to arrange for the voluntary appearance of COTR Walsh and thereafter attempted for several weeks to contact Mr. Walsh (who apparently has retired from the United States' employ) in order to schedule a date for his deposition. It is our understanding that Mr. Walsh has not returned any of counsel's calls.

Accordingly, immediately after the United States advised that it may well not be able to arrange for Mr. Walsh's voluntary appearance, US Fire sought Mr. Walsh's contact information so that a subpoena might be served upon him. Thereafter, within a day or two of the United States' request that we seek the contract information by way of a supplemental interrogatory, US Fire served an interrogatory that sought Mr. Walsh's last known address, information, moreover, that the United States represented was covered by the Privacy Act. Within just a few days of service of that discovery, counsel filed a "Joint Motion for a Privacy Act Protective Order" which this Court granted last week. US Fire's counsel executed an Acknowledgement of the Privacy Act Protective Order and defendant the United States thereafter responded to the interrogatory request on May 13, 2008. A subpoena was forwarded to a process server by

[2] For this reason, this Motion is presented somewhat informally but, should the Court require, the factual representations set forth herein will be supported by an affidavit of counsel.

overnight mail on May 14 and it is not yet known when service in upstate New York will be effected upon Mr. Walsh.[3]

The subpoena was made returnable on June 5, 2008, a date that was somewhat arbitrarily selected and without regard to Mr. Walsh's schedule which, of course, is unknown. This motion is thus filed so as to give the parties some additional time to take what is, by all accounts, an important deposition, in the likely event that the witness is unable to appear on the subpoena's return date and some later date is requested and so that US Fire will not be prejudiced by being otherwise unable to take the deposition.

B. US Fire's Additional and Supplemental Document Production

As noted in the parties' Joint Status Report #3 filed on May 16, US Fire has advised defendant that the completion contractor's designated representative (it has previously produced about 20 boxes of documents that defendant United States has already reviewed and portions copied) very recently was able to locate discs from an old computer, and after expeditiously working with an IT consultant, determined that the disc contained copies of emails pertinent to this project.[4] The representative had previously been unable to recall even having sent or received emails during most of the time that construction was ongoing but has, as noted, located additional discovery material.

Likewise, a continuing and renewed search for documents by the US Fire construction consultant that was involved with the United States during the latter part of the construction project and that prepared the Request for Equitable Adjustment is scouring its archives,

[3] The interrogatory response included Mr. Walsh's phone number; however, calls to Mr. Walsh by US Fire's counsel have gone unreturned.

[4] US Fire had advised the Government that some documents could not be located and, as noted, continuing efforts to locate certain categories of documents were more recently successful. The United States propounded supplemental interrogatories addressed to this matter, the response to which is not due until early June 2008.

contacting former employees and the like, all to assure that all available documentary discovery has been disclosed. US Fire expects to receive the results of that review early this week.

An additional two weeks will permit US Fire time to produce the documents and for the United States to review the same and conduct any follow-up discovery it deems appropriate or necessary.

C. Additional Time is Needed to Provide the United States <u>with a Date Certain for the Taking of Ed Black's Deposition</u>

Defendant United States advised US Fire that it wished to take the deposition of Ed Black who was employed by US Fire's completion contractor. I have spoken to Mr. Black and he affirmatively advised that he will cooperate and voluntarily accept service of a subpoena upon him. We have called Mr. Black to discuss a specific date for that deposition and, for reasons that are unknown, Mr. Black has not been able to return my calls. I fully suspect that we will be able to arrange for Mr. Black's deposition but am concerned given the few remaining "open" days (there actually is only one) before the end of fact discovery that selecting a date certain may be difficult. I expect to be able to speak to Mr. Black this week and that counsel will be able to schedule a date for his deposition during the first three weeks of June.[5]

US Fire has never questioned the defendant United States' right to depose Mr. Black and we trust that the scheduling of the deposition can be facilitated sometime during the first three weeks of June, *i.e.*, within the time prescribed by the new deadline that US Fire seeks for the conclusion of fact discovery.

[5] We will contact counsel in mid-week if our efforts are unsuccessful and we shall contact the Court to discuss the matter further.

D. Counsel's Personal Obligations and Request for a Relaxation Of the Current Deadline for the Completion of Fact Discovery

As noted in counsels' Joint Report filed with the Court on April 25, 2008, a deposition schedule was previously prepared, although some of the dates were tentative. Six depositions (the first on April 15, 2008) have already been taken. As the undersigned advised the United States' counsel, a family emergency thereafter arose that required my involvement, thus making very uncertain my ability to participate in depositions this last week when the depositions of two witnesses had been scheduled.[6] One of the adjourned depositions has been rescheduled for May 21, 2008 (to be conducted in West Palm Beach, Florida) and the other for the week of June 2, 2008. Counsel for the United States (and, presumably, the witnesses as well) graciously agreed to the adjournment and the new dates for the depositions.

The current schedule thus provides that for an inspection of the subpoenaed documents being produced by the project architect in the beginning of this week, my commitment to participate in firm-sponsored seminar with many attendees on May 19, travel to Florida on Tuesday, May 20, the taking of Contracting Officer Archie Mosley's on May 21, my attendance at my daughter's graduation from the University of Maryland on Thursday and Friday, May 22 and 23, depositions on Tuesday, Wednesday and Friday of the following week, May 27, 28 and 30 (Monday, May 26 is Memorial Day and counsel for the United States is unavailable on Thursday, May 29), and seven depositions during the week of June 2. The current date for the completion of fact discovery is the end of the week beginning June 2; that is, June 6.

* * *

[6] Should the Court request, a further explanation of the family circumstances will be presented (on a confidential basis, if the Court so permits).

For the above stated reasons, US Fire respectfully submits that its request for a two-week adjournment of the deadline for the completion of fact discovery (and a corresponding extension of time for expert discovery) is reasonable under all of the circumstances outlined above[7] and in order that counsel do not find themselves unnecessarily adhering to what would clearly be a grueling conclusion to fact discovery that would permit no flexibility for follow-up or otherwise.

Respectfully submitted,

s/ Bruce Dickstein

BRUCE DICKSTEIN
DREIFUSS, BONACCI & PARKER, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
Tel: (973) 514-1414
Fax: (973) 514-5959

Attorney for Plaintiff United States Fire Insurance Company

May 19, 2008

[7] It should be noted in this regard that on account of the restrictions imposed by a two-day religious holiday, the undersigned would be unable to participate in depositions on June 9 and 10.

CERTIFICATE OF FILING

I hereby certify that on this 19th day of May 2008, a copy of the foregoing "Plaintiff's Motion for an Extension of the Time to Complete Fact Discovery and for Related Relief" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bruce Dickstein